Turley, J.
delivered the opinion of the court.
This is a bill of complaint filed by the legatees of George M. Deaderick, for an account and decree against Stephen Cantrell and Jessee Wharton, executors and trustees to the will of said George M. Deaderick, upon the following facts: Some time in the year 1816, G. M. Deaderick died in Davidson county, Tennessee, having previously to his death duly made and published his last will and testament, by which, after directing that all his debts be paid, and having appropriated to that purpose his personal estate and the rent of his lands, he provides, that his executors shall sell all his real estate at four equal annual instalments, with interest from the date, the proceeds of which he bequeathed to the complainants seperately in different proportions, some of them being specific legacies and others residuary, payable at the different periods when those entitled thereto should arrive at the age of twenty-one, or marry; in the mean time he directs his executors to loan out the money to the best advantage. This will was duly proven by Stephen Cantrell aud Jesse Wharton, two of the executors named therm, who took upon themselves the bur-then of executing the same. In l;!ay, 1820, the said executors jointly proceeded to sell the real estate of the testator, and did sell and convey the same, upon a credit of one, two, three and four years, taking notes with interest from the date, payable to themselves jointly. These notes Wharton permitted to remain in the hands of his co-trustee and executor, Stephen Cantrell, who collected the same as they fed *269 iluo, and instead of loaning; the money to the best advantage, as directed by the will, appropriated it to his own use for _ , . • . . , senes ol more than ten or twelve- years, at which period of time he failed entirely, leaving, a deficit in the assets of said estate of many thousand dollars. Wharton received no part of the money, and does not appear to have paid any attention whatever to the execution of the duties imposed on him by the will after the sale of the lands, until it was understood that Cantrell had failed.
That Cantrell is liable for the amount of money and property used by him, is not disputed, indeed he has not appealed from the decree of the court below.j Wharton’s liability for the abuse of the trust by his co-trustee is disputed, and depends upon the following propositions.
1st. Did he take upon himself the execution of the trust imposed by the will? That he did is too evident to admit of debate. He proved the will and joined in the sale and conveyance of the land, and assented to the notes being payable to himself and Cantrell. Having accepted the trust and partially executed it, he could not denude himself of it afterwards.
2d. Was the trust abused? This proposition is also so clearly proved as not to have been denied. Stephen Cantrell, in violation of the directions of the will, which required the money to be loaned out to the best advantage, appropriated large amounts of it to his own use, for which he has never accounted.
3d. Is Wharton responsible for this abuse of trust on the part of his co-trustee? Trusts of the character now under consideration are of two kinds, distinguishable by the law as discretionary and directory trusts, the rules for regulating the responsibilities of co-trustees, being different when applied to these different trusts.
We will proceed to examine, 1st, When and under what circumstances a trustee is liable for an abuse of trust by his co-trustee, when the trust is discretionary; and 2d. When and under what circumstances he is liable, where the (rust is directory. A discretionary trust is, when by the terms of the trust no direction is given as to the manner in which the trust fund shall be vested, till the time arrives at which it is *270 to be appropriated in satisfaction of the trust. In such cases rr 1 . in order to charge a trustee for an abuse by his co-trustee, some act of commission must be shown on his part, by which ^ tms(. fuu(j wa3 attained by his co-trustee, or some act of commission amounting, to gross neglect in permitting the fund to be wasted. In the case of Monell vs. Mcnell, 5 John. Ch. Rep. 287, Chancellor Kent, after an elaborate examination of the authorities on that point, says, “It may be laid down as a principle, that if two guardians or other trustees join in a receipt for money, it is prima facie, though not absolutely conclusive evidence that the money came to the hands of both; that one trustee may show by satisfactory proof that the joining in the receipt was necessary, or merely formal, and that the monies in fact were paid to his companion; that without such satisfactory proof he must be liable to the cestue que trust; and that if the monies were in fact paid to his companion, yet if they were so paid by his act, direction or agreement, and when he had it in his power to have controlled or received the money, he is and ought to be responsible.”
From this opinion we understand the chancellor to have held, that a trustee is liable for an abuse of trust by his co-trustee, 1st. When the money has been received jointly. 2d. When a joint receipt has been given, unless it be shown by satisfactory proof that the joining in the receipt was neces-s'ary or merely formal, and that the money was in fact paid to his companion. 3d. When the moneys were in fact paid to his companion, yet so paid by his act, direction or agreement. Chancellor Kent is high authority, and we are satis¿ Bed to adopt his conclusions on the subject under consideration, without entering into an investigation of the decisions from which he extracted these principles — we think it would but encumber the opinion and be a useless consumption of time. It is admitted in the case under consideration, that the money was not 'jointly received, and that no joint receipt was executed, but it is contended that the money was paid to Cantrell by the act, direction, or agreement of, Wharton, and Under such circumstances as must make him liable for its waste, and we think successfully. This is not like ordinary *271 cases of a fund outstanding, which has to he received by . , . trustees, but it is a case in which property was devised , i ,, , , , , , , them to be sold, the notes ot which were taken payable to both trustees. Upon the payment of the money no receipts were necessary, the notes were taken up by the makers, and being in the name of both it seems_ to us, without so determining, constitutes as strong, if not a stronger case than that of a joint receipt. But we do not hesitate to say, that the notes could not have gone exclusively into the hands of Cantrell, and the money been collected on them by him without the act, direction and agreement of Wharton; in fact, the case agreed shows that the notes remained with his assent with Cantrell. In 2d Sory’s Commentaries on Equity, 524, it is laid down by that able jurist, “tint if by any positive act, direction or agreement of one joint executor, guardian or trustee, the trust money is paid and comes into the hands of the other, when it might and should have been otherwise controlled or received by both, then each of them will be held chargeable for the - whole.” Again, in note 1, p. 525, he says, “if a receipt be given under circumstances purporting that the money, though not actually received by both executors, was under the control of both, both shall be charged.”
The true question in all such cases is, whether the money was under the control of both. Now the money must of necessity be in the hands of one or the other, as it cannot be. in both at the same time. What then is meant by its being under the control of both? manifestly where it has been received by the act or consent of both. If one receive money outstanding without consulting the other, inasmuch as he had a right to do so, the other shall not be charged, btit when a debt is due by note to both, one cannot receive it against the assent of the other, it being a debt due to them jointly, and for'which they may sue as individuals, and the fund, when collected, would be held in trust. But if the fund was not collected in such a manner as to charge Wharton with his co-trustee’s default, has not his negligence in attending to the execution of the trust made him so chargeable. At p. 525 of 2d Story’s Commentaries, it is said, if one trustee wrongfully permit the others to detain the trust fund a long time in *272 own bands without security, be will be deemed liable for J " loss. Where trustees voluntarily permitted a co-trustee to receive purchase money, and retain it a considerable tune wphout calling for it, contrary to the trust, they were charged with the loss' occasioned by their co-trustee. Bone vs. Cook, McClelland’s Rep. 168, and cases there referred to. This principle is consonant with justice. Two trustees are appointed to execute a trust, the final operation of which is not to be completed for years, they underlake to execute it, they are intended as checks on each other, have an equal control over the fund, are mutually bound to attend to the interest of the trust, and shall one of them be permitted to go to sleep and trust every thing to the management of his co-trustee, and when In the course of ten or fifteen years the fund having been wasted, and his co-trustee insolvent, he is called upon to make it good, shall he be heard to say that he had implicit confidence in his companion, and permitted him to retain all the money i and appropriate it as he pleased, and that he ought not therefore to be charged? Surely not, it is neither law nor reason. This is what Wharton did, and this is his excuse and reason why he should not be made liable for the act of his co-trustee. We therefore think, that -if this were a discretionary trust, Wharton is bound to make good the losses occasioned by Cantrell.
But this is not a discretionary, but a directory trust. A directory trust is when by the terms of the trust the’ fund is directed to be vested in a particular manner, till the period arrives at which it is to be appropriated. In such cases if the fund be not vested, or vested in a different manner from that pointed out, it is an abuse of trust for which both trustees are responsible, though but one received the money, because both are bound to attend to the directions of the trust, and must be careful to execute it faithfully, according to its terms and the intention of the person by whom it was created. Bone vs. Cooke, McClelland’s Rep. 168: Ringold vs. Ringold, Har. & Gill Rep. 12: 3 Bro. Ch. Rep. 90, 112: Oliver vs Court, 3 Exch. Rep. 312: 4 Cond. Ch. Rep. 93: Brice vs. Stokes, 11 Ves. 326. These cases so fully establish the principle above laid down, that it is useless to *273 comment- further upon it, it fixes the liability of Wharton beyond controversy. The fund never was vested in pursuance of the directions of the will, but was wasted by Cantrell. We therefore affirm the decree of the chancellor, so far as it makes Wharton liable for the defalcation of Cantrell, but see no reason for charging him with compound interest, and reverse the decree thus far, and direct an account which shall charge him with simple interest on annual balances.
Decree affirmed;